# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRUCE L. WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV1601 JAR |
| ) | |
| BILL HARRIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of plaintiff Bruce Watson, a civil detainee at Fulton State Hospital, for leave to commence this action without payment of the required filing fee. *See* Doc. #3 and #4. For the reasons stated below, the Court will grant plaintiff's motions to proceed in forma pauperis. Furthermore, based upon a review of the complaint, the Court will dismiss plaintiff's complaint based on the foregoing. *See* 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the

complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

### The Complaint

Plaintiff, who is currently being civilly detained at Fulton State Hospital in Fulton, Missouri, brought this action on October 19, 2015. In his complaint, brought pursuant to 42 U.S.C. § 1983, he complains about being "forcibly medicated."

From the court records available on Missouri.Case.Net, as well as plaintiff's complaint, the Court has been able to ascertain that plaintiff was charged with robbery in the first degree and armed criminal action, which apparently occurred on or about July 11, 2009. *See State v. Watson*, Case No. 1122-CR02338 (22nd Judicial Circuit, St. Louis City).

Prior to trial in the criminal action, a commitment order was entered on August 4, 2014 after a mental exam was done on petitioner in July of 2014, by the Missouri Department of Mental Health. Plaintiff asserts that he began to be forcibly medicated as soon as he was declared incompetent.

As part of the commitment order, the Court certified, pursuant to Mo.Rev.Stat. § 552.020(9) that the Director of the Department of Mental Health, or his designee, should evaluate plaintiff's mental ability and his capacity to proceed in his criminal case and submit a progress report stating such within six months of the commitment order.

The Department of Mental Health received an extension to file the case review and for the psychiatric evaluation. A motion for order finding defendant permanently incompetent, along with a copy of the Department of Mental Health's evaluation was filed by the state prosecutor on December 3, 2015.

On January 26, 2015, February 5, 2015 and again on December 7, 2015, plaintiff filed pro se motions for hearings seeking to avoid taking his psychotropic medication and asking for a new psychiatric exam. Although plaintiff's first requests to avoid taking his medication were denied, the Court appears to have scheduled a hearing, set for February 5, 2016, on the state's motion to have plaintiff declared incompetent. At that time it appears the Court will also hear plaintiff's request for new psychiatric exam, as well as plaintiff's request to stop the Department of Mental Health from forcibly medicating him.

In the action before this Court, plaintiff appears to seek an order from the Court to "discharge him from his convictions" and "grant him relief in punitive damages" and "investigate the Circuit Court system" on methods they use to declare him incompetent.

Plaintiff also wants this Court to intervene in his state criminal action and have him declared competent and stop the forcible medication that began when he was first declared incompetent by the psychiatric examination by the Missouri Department of Mental Health in July 2014.

**Discussion**

This Court is not a court of appeals for state court criminal actions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id.* As a consequence, the Court will deny plaintiff's request to enjoin his state court criminal action.

Additionally, plaintiff's complaint requests to discharge his convictions. These are claims that arise under habeas corpus. In order to pursue such claims, plaintiff must bring an action in habeas corpus after/or if, he has been convicted, pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In the meantime, the present case will be dismissed for the following reasons.

Even if plaintiff's claims were not legally frivolous in the present context[1], this Court would have to abstain from hearing this action as a result of plaintiff's ongoing state criminal action pursuant to the *Younger v. Harris,* 401 U.S. 37, 53-54 (1971).

---

[1] The Missouri State Statute dealing with competence hearings in state criminal trials is quite clear, and this Court must allow the state court to proceed with the competency determination in order to comport with plaintiff's due process rights. *See* Mo.Rev.Stat. 552.020 *et.seq.* If the court first deems the accused mentally unfit to proceed, the court must suspend the criminal proceedings and commit the accused to the custody of DMH, where the accused will then be subject to a review of his competence after six months. § 552.020.9, .11(1). If the six-month review concludes that the accused remains mentally unfit to proceed, the report must contain an opinion "as to whether there is a substantial probability that the accused will attain the mental fitness to proceed in the foreseeable future." § 552.020.11(1). After the report is filed, both parties again have the option of seeking an additional examination at their own expense. § 552.020.11(2). "If neither the state nor the accused nor his counsel requests a second examination," the court again has the discretion to render a decision on the report alone or to hold a hearing on the matter. § 552.020.11(3). If the opinion is contested, however, the court is required to hold a hearing, with the same rights and burdens as identified in § 552.020.8. *Id.*

If the court determines that the accused lacks mental fitness to proceed, but that there is a substantial probability that the accused will attain mental fitness in the reasonably foreseeable future, the court may order one additional period of commitment lasting no more than six months. § 552.020.11(5). If, however, the court determines that the accused lacks mental fitness and there is no substantial probability that mental fitness will be attained in the reasonably foreseeable future, the court must dismiss the criminal charges without prejudice, "but only if

In *Younger v. Harris*, 401 U.S. at 46, the Supreme Court directed federal courts to abstain from hearing cases where "the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Harmon v. City of Kansas City, Missouri*, 197 F.3d 321, 325 (8th Cir. 1999); *see also, Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). Having carefully reviewed the case at bar, the Court concludes that the *Younger* criteria are satisfied and that abstention from this matter is warranted.

Moreover, the Court finds that to some extent, plaintiff's case is styled as though it is a petition for writ of mandamus, brought pursuant to 28 U.S.C. § 1651. Plaintiff appears to ask this Court to instruct the state court judge in his criminal case to declare him competent and stop the forcible medication that is occurring by the Missouri Department of Mental Health. This Court has no basis for granting such a request.

This Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C.A. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County*, 323 F.2d 485, 486 (8th Cir.1963). The actions of the defendant state court judge in this case are not within the jurisdiction of this Court. *See Middlebrooks*, 323 F.2d at 486; *Veneri v. Circuit Court of Gasconade Co.*, 528 F.Supp. 496, 498 (E.D.Mo.1981) (federal courts have no superintending control over, and are without authority to issue writ of mandamus to direct, state court or its judicial officers in performing duties). The better action is for plaintiff to pursue this line of inquiry in his state court criminal action.

Accordingly,

---

proper proceedings have been filed under chapter 632 or chapter 475." § 552.020.11(6).

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis [Doc. #3 and #4] are **GRANTED**.

**IT IS FURTHER ORDERED** that because plaintiff is a civil detainee, he shall not be required to pay a filing fee at this time.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent that there are any state law claims encompassed in the complaint, the Court will decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of February, 2016.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE